USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

JESSE JAMES & CO., INC.,            :

      Plaintiff,                  :       05 CV 0986 (GEL)

      v.                          :

THE NATURAL SOURCE, INC.            :
  d/b/a BUTTONS GALORE,
                                  :
      Defendant.
                                  :
_____X

## SETTLEMENT AGREEMENT

**AGREEMENT** dated March 14, 2006, by and between Jesse James & Co., Inc. ("Jesse James") having an address of 615 New Street Allentown, PA 18102 and The Natural Source, Inc., d/b/a, Buttons Galore ("Buttons Galore" or "Defendants"), having an address of 250 Pine Edge Drive, West Berlin, New Jersey 08091 and Dan Hagenman, having an address of 4 Concord Lane, Voorhees, New Jersey 08043 (collectively "Buttons Galore" or "Defendants")

Therefore, the parties consent and agree as follows:

**WHEREAS** Jesse James has created and sold original button designs and created and utilized proprietary business ideas and contacts;

**WHEREAS** Jesse James objects to Buttons Galore present use of such designs and marketing ideas, and Buttons Galore seeks to cease use of them; and

**WHEREAS** the parties began the instant dispute over the use of such designs and marketing ideas several years ago and entered into the above captioned matter; and

**WHEREAS** Jesse James is the owner of Copyrights which are the subject of U.S. Registration Nos. VA 1-275-580, VA 1-275-581, VA 1-275-582, VA 1-275-583, VA 1-275-584, VA 1-275-585, VA 1-275-586, VA 1-292-271, VA 1-254-869, VA 1-193-122 and VA 1-164-230 ("the Copyrights"); and

**WHEREAS**, Buttons Galore had engaged in the selling and distribution of decorative buttons (as listed in the attached Exhibit A, all items in Exhibit A hereinafter referred to as the "buttons"), which are covered by the Copyrights; and

**WHEREAS** the Parties recognize that corporate Defendant Buttons Galore is in bankruptcy; and

**WHEREAS** Dan Hagenman's assent to any agreement on behalf of the corporate Defendant is subject to the approval of the Bankruptcy court or dismissal of the bankruptcy case;

**WHEREAS** Mr. Hagenman agrees to move the court to remove the corporate Defendant from bankruptcy, and

**WHEREAS** Jesse James and Buttons Galore desire to settle, and compromise all of their differences without further litigation; and

**WHEREAS** the Parties agree to move the District and Bankruptcy court (as long as the corporate Defendant remains in bankruptcy) for approval of this agreement,

**WHEREAS** in the interests of efficiency and resolution of this matter, the parties have allowed Mr. Hagenman to negotiate terms on behalf of the bankrupt corporate Defendant Buttons Galore for matters related to Jesse James & Co. Inc., as well as himself as an individual.

**NOW**, Whereas clauses considered, Jesse James and Buttons Galore agree as follows:

1. **Warranties and Representations.** Defendants warrant and represent that they are both without any assets from which they could pay the settlement amount ($60,000). Specifically, Dan Hagenman's assets and liabilities include the following:

   a. Four mortgages, including a Two Hundred Fifty Thousand Dollars ($250,000) debt through a line of credit; two mortgages on each of his homes;

   b. No cash reserves;

   c. No other assets; and

   d. His wife is in the same predicament (no assets and deep in debt).

2. **Payment.** Buttons Galore will provide consideration for this agreement in the following manner:

   a. Buttons Galore warrants and represents that its inventory of Plaintiff's buttons which are listed in Exhibit A is accurately reflected in Exhibit B and that this inventory has a value of $30,245.43. Defendants shall make up the difference between the amount in Exhibit B, $30,245.43, and $40,000.00, with non-infringing buttons valued in the amount of $9754.57; and

   b. A representative of Jesse James will inspect the "bulk" infringing buttons listed in Exhibit B and the $9754.57 of non-infringing buttons on a date before the signing of this agreement as designated by Jesse James. The inspection may be at the office of Jesse James or a reasonable alternative place designated by Jesse James; and

   c. Buttons Galore shall physically and legally transfer its complete inventory of "bulk" infringing buttons listed in Exhibit B and the $9754.57 of non-infringing buttons (both exactly in the same amount and condition as inspected) to Plaintiff

at its offices or reasonably alternative place designated by Jesse James within ten (10) days of the signing of this agreement; and

    d. Sixty-thousand dollars ($60,000) shall be paid to Plaintiff by Defendants in the following matter:

        i. Two thousand dollars ($2,000) per month paid via check the first of the month for the first year;

        ii. Three thousand dollars ($3,000) per month paid via check the first of the month for the second.

3. **Method of Payment** Buttons Galore will ensure Jesse James receives payment by the first of each month.

4. **Penalty for Lack of Payment.** If Defendants fail to make a payment or are late with three payments, or more than 15 days with any one payment, the entire payment or remaining payment of $60,000 will become due immediately. In any proceeding to collect this payment, Plaintiff shall be entitled to its attorney's fees.

5. **Cease and Desist.** Buttons Galore, its subsidiaries, parents, officers, employees, directors, affiliates, agents, representatives, partners, successors, and assigns, and all those acting in privity or concert with them, agree to cease and desist the following:

    a. Making, using, copying, selling, or aiding any others in making, using or selling the buttons using the Jesse James designs or any other items that infringe the present and future Copyrights of Jesse James; and

    b. Infringing or copying Jesse James buttons and proprietary marketing practices, specifically including, but not limited to, any item numbers, button names, button collection names, buttons assortment arrangements, or other trademarks, trade

dress, or any other aspect of Plaintiff's business which would confuse customers as to source or bring Defendants profits.

c. Defendants agree to:

   i. cease all sales on or through QVC;

   ii. phase out the sales of "theme packs" (a compilation of buttons that depict a theme) to $1/4^{th}$ of its business (reduction of Defendant's business by half (1/2) by the end of the first year, another half (1/2) by the end of the second year, resulting in a total reduction of Defendant's business of theme packs by one fourth (1/4)); and

   iii. not to sell any of Plaintiff's buttons or beads to Plaintiff's "major customers" for 5 years (list of "major customers" attached as Exhibit C).

d. Plaintiff agrees that, until July 31, 2006, defendants are permitted to sell packaged buttons it currently has in inventory which may contain buttons subject to plaintiff's copyrights. Defendants further agree to promptly transfer to Plaintiff by August 15, 2006, all unsold packaged infringing buttons Defendant still has 4 months after the date of this agreement, and to never again copy button designs, button names, button collection names, buttons assortment arrangement, trade dress or trade marks it may create in the future, as outlined in this agreement.

6. **Apology.** Buttons Galore will issue a signed writing, attached as Exhibit D, that acknowledges its mistaken and unintentional copying of the Jesse James designs, apologizes for such copying, and agrees never to copy the Jesse James designs again;

7. **Validity.** Buttons Galore agrees that the Copyrights are valid and unintentionally copied by the design and sale of the buttons which the Copyrights cover. Buttons

Galore will not contest the validity of Jesse James ownership of the Copyrights nor help anyone to do so;

8.  **Dismissal of Action.** In consideration for the foregoing, Jesse James agrees to dismiss with prejudice this case pending in the United States District Court in the Southern District of New York, *Jesse James & Co., Inc. v. The Natural Source, Inc. d/b/a Buttons Galore and Dan Hagenman* 05-CV-0986 (GEL) within thirty (30) days of the signing of this agreement and to sign a general release as to past matters related to this case as to Defendants and their customers;

9.  **Dismissal of Counterclaims.** Buttons Galore agrees to dismiss its counterclaims with prejudice in the case pending in the United States District Court in the Southern District of New York, *Jesse James & Co., Inc. v. The Natural Source, Inc. d/b/a Buttons Galore and Dan Hagenman*, 05-CV-0986 (GEL) within thirty (30) days of the signing of this agreement and to sign a general release as to past matters related to this case as to Plaintiff and its customers.

10. **Choice of Law.** This Agreement will be construed under New York law.

11. **Jurisdiction.** This Court will retain jurisdiction over this matter in the event of non-compliance by any of the parties hereto.

12. **Fees.** Each party will bear its own attorneys' fees associated with the resolution of this action.

13. **Completeness and Modification.** This Agreement represents the complete understanding between the parties and no other promises or agreements will be binding unless contained in writing signed by all the undersigned parties or their duly authorized representatives.

14. **Severance.** If at any time after the date of the execution of this Agreement, any provision of this Agreement will be held to be illegal, void or unenforceable by a court of competent jurisdiction, such provision will be of no force and effect. However, the illegality or unenforceability of such provision or provisions will not impair, and will have no effect on, the enforceability of any other provision of this Agreement.

15. **Execution.** This Agreement may be executed by its being signed in counterparts, each of which will be deemed to be an original when executed, and all of which together will constitute a single instrument binding upon the parties. The Agreement will be fully executed and be deemed to take effect as of the date of the last necessary signature.

16. **Interpretation.** The language of all parts of this Agreement will in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties regardless of who drafted it.

17. **Acknowledgement.** The parties to this Agreement acknowledge that they have read this Agreement, that they fully understand their rights, privileges and duties under this Agreement and that they have entered into this Agreement freely and voluntarily.

18. The obligations of the parties hereunder are conditioned upon the entry of an order in the Bankruptcy Proceeding of Buttons Galore approving this Settlement Agreement, or in the alternative, dismissing the bankruptcy proceeding, and said Order having become final and unappealable by April 15, 2006. In the event that one of the foregoing referenced orders does not become final and unappealable by said date, the execution of the Settlement Agreement shall be deemed void and nullity, unless all

parties hereto agree in writing to extend the time for said orders becoming final and unappealable.

19. In the event that either Dan Hagenman or Buttons Galore files a subsequent bankruptcy case and a Trustee or the Debtor in Possession in such case(s) is successful in recovering any money or property paid to Jesse James under this settlement, Jesse James shall be entitled to assert its full claim in such case(s) as held prior to settlement, less any value paid to Jesse James under this settlement and retained by Jesse James and Jesse James shall be entitled to contend that Dan Hagenman's debt to Jesse James, if any, may be nondischargeable in such case.

PLAINTIFF,
JESSE JAMES & CO., INC.

By _____
    Jesse James

Dated: 3-14-04

DEFENDANT,
BUTTONS GALORE

By: _____

Dated: 3-8-06

DEFENDANT,
DAN HAGENMAN

By: _____

Dated: 3-8-06

SO ORDERED:

_____
U.S.D.J.

Dated: 6/20/06